# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
# WITH INCORPORATED MEMORANDUM OF LAW

15 CV 4374 (KMK)

COMES NOW Defendant, RUHIYA NURUDDIN, acting pro se, pursuant to Rule 56, Federal Rules of Civil Procedure, and hereby moves for summary judgment as a matter of law on Plaintiff's claims in the Complaint.

## I. Introduction

Plaintiff brought this case against the Defendant after alleging that its investigator determined that someone using IP address 100.2.92.100 downloaded Plaintiff's copyrighted motion pictures. Defendant did not download the alleged copyrighted material and the Plaintiff cannot present any evidence that the Defendant did so.

## II. Standard

Under Rule 56(c), Federal Rules of Civil Procedure, a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The summary judgment analysis requires a two-part framework. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). First, the movant carries the initial burden to "inform [ ] the ... court of the basis for its motion and [to] identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

Where, as in this case, the non-movant, Plaintiff, bears the burden of proof at trial:

> the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ]-that is, point[ ] out to the district court- that there is **an absence of evidence to support the non-moving party's case.** Alternatively, the moving party may support its motion for summary



judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993) (emphasis added) (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir. 1991). Summary judgment is particularly appropriate against a plaintiff who lacks affirmative evidence due to its failure to conduct adequate discovery. *See Ojeda v. Louisville Ladder, Inc.*, 410 Fed. Appx. 213, 215 (11th Cir. 2010).

Next, once the movant meets its burden, the burden shifts to the non-movant to demonstrate the existence of a genuine issue of material fact. The non-moving party must do more than simply show that there is some doubt as to the facts of the case. *Fitzpatrick* at 1116. The nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### III. Analysis

Summary judgment is proper against Plaintiff because Plaintiff has absolutely no evidence to prove Defendant actually downloaded Plaintiff's films.

Plaintiff alleges Defendant used BitTorrent software on her computer to download a copy of Plaintiff's films. "To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendant copied protected elements from the [work]." *Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014) (citations omitted). As Judge Victor Marrero of the Southern District of New York observed in *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012), "if the Motion Picture is considered obscene, it may not be eligible for copyright protection."

. Further, even if Malibu's copyrights are valid, Malibu has not established a violation by the individual to whom the relevant IP address is registered. Demonstrating that Defendant herself downloaded, or made a copy of, Plaintiff's complete videos is clearly a necessary element to prove Plaintiff's claims. As Plaintiff has no evidence to demonstrate that Defendant herself

downloaded any of the videos alleged in the complaint, or that any videos were downloaded to completion, summary judgment should be entered in favor of Defendant.

### A. Plaintiff has no evidence that IP address 100.2.92.100 was linked to Defendant for the alleged download timeframes

First, even though Plaintiff accuses Defendant of downloading 128 videos, Plaintiff has only tied Defendant to being the account holder of the IP address in question for alleged "hit" date and times. As Judge J. Paul Oetken of the Southern District of New York explains,

> [t]he fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection.

*Patrick Collinc, Inc. v. Does 1-6*, No. 12-cv-2964, 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012); *see also In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."); *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (Judge Nathan finding that approximately 30% of John Does identified by their internet service providers are not the individuals who actually downloaded the allegedly infringing films). The risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations — especially by this plaintiff- are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against." See *Malibu Media, LLC v. John Doe Subscriber assigned IP Address 66108.67.10*, 1:15-cv-04369-AKH (S.D.N.Y. July 2015).

And even if Plaintiff could definitively trace the BitTorrent activity in question to the IP-registrant Malibu conspicuously fails to present any evidence that the Defendant either uploaded, downloaded, or even possessed a complete copyrighted video file. *(See* Compl. ¶19 ("IPP International UG downloaded from Defendant *one or more bits* of each file hash listed on Exhibit A.") (emphasis added). Another district court has noted that

> [i]ndividual BitTorrent file pieces are worthless ... If it is the case that a Doe Defendant logged onto the BitTorrent swarm, downloaded and then

> uploaded a single piece to the IPP server, and then logged off, all he has done is transmit an unusable fragment of the copyrighted work....[T]he Court notes that Malibu's case is weak if all it can prove is that the Doe Defendants transmitted only part of all the BitTorrent pieces of the copyrighted work.

*Malibu Media, LLC v. John Does 1-10,* No. 12-cv-3623, 2012 WL 5382304, at *3 (C.D. Cal. June 27, 2012). It is well established that an IP address corresponds to a router, not a computer. "[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time." *Bubble Gum Prod's, LLC*, 2012 Copr. L. Dec. P 30292.

### B. Inconclusive Methods for Identifying Infringing BitTorrent Users

A group of engineers in the University of Washington conducted a scientific, experimental study of monitoring and copyright enforcement on P2P file sharing and found that practically any Internet users can be framed for copyright infringement and even without being explicitly framed, innocent users may still be identified as an infringer even if they have never used P2P software. See *Challenges and Directions for Monitoring P2P File Sharing Networks-or- Why my Printer Received a DMCA Takedown Notice*, The University of Washington, available at http://dmca.cs.washington.edu/, last visited on January 4, 2016.

The research engineers were able to generate hundreds of real Digital Millennium Copyright act (DMCA) takedown notices for computers at the University of Washington that never downloaded nor shared any content whatsoever by profiling copyright enforcement in the BitTorrent file sharing system. Further, they were able to remotely generate complaints for nonsense devices including several printers and a wireless access point. The research results demonstrate several simple techniques that a malicious user could use to frame arbitrary IP addresses as network endpoints which are infringing the copyrights. *Id.*

In P2P filing sharing networks users are typically identified by the IP addresses of their computers. However, most ISPs today assign IP addresses to users dynamically (using the DHCP mechanism). The dynamic reassignment of IP addresses could result in users being falsely accused. *Id.*

The research concludes that the common approach for identifying infringing users in the poplar BitTorrent file sharing network is not conclusive. *Id.* .IP addresses can be either dynamic or

static. ISPs assign dynamic IP addresses to a computer for only as long as the current user's internet session lasts; a new IP address is assigned for each subsequent internet session. Static IP addresses do not change; the same number is assigned to the same computer consistently over time. Frederick Lah, *Are IP Addresses "Personally Identifiable Information"?* 4:3 Journal of Law and Policy for the Information Society 684 (2008).

As a subscriber of Verizon Internet Services, Defendant's computer system also gets different IP addresses whenever it starts a new session. Malibu claims in its Complaint against Defendant that it has identified the IP address (100.2.92.100) responsible for two counts of copyright infringements on March 31, 2015 and May 4, 2015. The IP address (100.2.92.100) might have been assigned to different subscribers of Verizon because of the nature of dynamic IP assignment.

Since Defendant's IP addresses were assigned dynamically by the ISP, even if Defendant was identified as the subscriber assigned the IP address, 100.2.92.100, at 22:52:22 on March 31, 2015, it doesn't mean that Defendant is the same subscriber who assigned the IP address at the other occasions. No evidence was submitted by Malibu that is proving the subscriber of the IP address at 22:52:22 on March 31, 2015 is the same subscriber of the other occasions.

## C. Defendant was running an open guest network that was accessible by neighbors and was not password protected

Because Defendant's Internet was accessible by neighbors via an unprotected Wi-Fi, if Plaintiff's videos were downloaded from Defendant's Internet account, the downloader could have been — and probably was — a neighbor. It must be noted that 149 Bennett Avenue, Yonkers, NY 10701 is a multifamily residence. Thus, assuming the Plantiffs allegations that someone at this residence downloaded the copyrighted material, it possible that one of the other residents or even a visitor of one of the other residents downloaded the copyrighted material.

## D. At best, Plaintiff only has evidence that an unusable piece of movie — and not an entire movie — was copied by a computer connected to IP address 100.2.92.100

Finally, *arguendo*, even if Plaintiff could somehow link the downloads of its videos directly to Defendant's computer (which it cannot), it still would not — without seeing full and complete files on Defendant's computer — be able to prove that Defendant downloaded full and

complete files of Plaintiff's videos. Because there are no copies of Plaintiff's videos on Defendant's computer, Plaintiff cannot prove this case.

To establish copyright infringement, Plaintiff must demonstrate that the file transferred by IP address 100.2.92.100 is substantially similar to Plaintiff's work. *Arthur Rutenberg Corp. v. Dawney*, 647 F. Supp. 1214, 1216 (M.D. Fla. 1986).

According to Plaintiff, "to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits among each other instead of attempting to distribute a much larger digital file." "Each PCAP clearly shows the IP address distributing the BitTorrent piece (Defendant's IP address), the IP address receiving the BitTorrent piece (Excipio's IP address), [and] what was transmitted." For *X-Art*, file hash 4CBE8879EDEEC660681CC570CD3434B1CE7788AA, for example, the Plaintiff only detected Defendant's public IP address allegedly transferring *one piece* of a file as opposed to a whole movie. Furthermore, copying a single piece of a torrent is not the same thing as copying an entire video file. For a movie to be watchable, it needs all the pieces. A movie file that is missing pieces will be disrupted based on how many pieces are missing. *Id.* Neither Plaintiff nor Defendant can view the "piece" or "bit" captured in the PCAP to determine what portion of Plaintiff's film it correlates to. It is possible that piece contains only a black screen as when the film fades in between frames, which would not be copyrightable, or that it is not viewable at all. Neither Plaintiff nor Defendant can know, from analyzing Plaintiff's data, what is contained in the fragment that was allegedly transferred by IP address 100.2.92.100, as shown by the PCAP, or whether it bears any substantial similarity to the actual copyrighted work. Any argument by Plaintiff that the transmission of a single piece of a video means that an entire video was downloaded is mere speculation relying on assumptions and generalizations.

Therefore, without being able to demonstrate that a computer connected to IP address 100.2.92.100 transferred all of the pieces of, and therefore, the entire video, Plaintiff cannot establish that that computer that connected to IP address 100.2.92.100 copied the film. *See, e.g., Malibu Media v. Doe*, 2015 WL 412855 (E.D. Pa. Feb. 2, 2015) (granting a motion for summary judgment in favor of Defendant because, even though Malibu Media had found what it purported to be a fragment of a video file on Defendant's computer, that it had "a complete failure of proof concerning an essential element of its claim").

Because, outside speculation, Plaintiff cannot prove anything more than the downloading of a mere fragment of a video file by a computer connected to IP address 100.2.92.100, and Plaintiff has no evidence to show whether that fragment is viewable, summary judgment should be granted in Defendant's favor.

## IV. Expenses

Lastly, section 505 of the United States Code provides for an award of costs to the prevailing party in a copyright infringement action. *Arthur Rutenberg Corp. v. Dawney*, 647 F. Supp. 1214, 1216 (M.D. Fla. 1986) (citing 17 U.S.C. § 505). An award of attorney fees to the prevailing party in a copyright action is the rule rather than the exception. *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573 (5th Cir. 2002).

## V. Conclusion

First, Plaintiff cannot prove that Defendant was the subscriber of IP address 100.2.92.100 for all the dates and times that Plaintiff alleged its videos were downloaded. Secondly, Plaintiff failed to submit any evidence that Defendant downloaded its videos. It has no admission from Defendant, no eyewitness, and no forensic or computer evidence linking Defendant to the downloads. Furthermore, Plaintiff's own evidence does not connect Defendant specifically to the downloads; rather, it only links IP address 100.2.92.100, not any particular computer or individual, to the alleged downloads. Because Defendant was running an open guest network that neighbors could access by without a password during the alleged download period, evidence linking Defendant, and not just an IP address, is essential. Lastly, at best, Plaintiff's evidence indicates the copying of not an entire movie but rather a single, unusable fragment. As the evidence produced by Plaintiff is not sufficient to support a claim of copyright infringement, summary judgment should be had in favor of Defendant.

WHEREFORE, Defendant, RUHIYA NURUDDIN, pleads that this Honorable Court enter final summary judgment in favor of Defendant and award Defendant its costs pursuant to 17 U.S.C. § 505, as prevailing party.

*Ruhiya Nuruddin* 1/12/16

## CERTIFICATE OF SERVICE

I hereby certify that on January [ ], 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/Ruhiya Nuruddin

Ruhiya Nuruddin

149 Bennett Avenue,

Yonkers, NY 10701

# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| RUHIYA NURUDDIN, | ) 7:15-cv-04374-KMK |
| Defendant. | ) |